# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE

NEW YORK, NEW YORK 10110

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

January 22, 2015

**<u>VIA ECF ONLY</u>**
The Honorable Gregory H. Woods, U.S.D.J.
United States District Court for the
   Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

        Re:   *Lehman Brothers Holding Inc. v. LHM Financial Corporation*
               Case No. 15-cv-00300

Dear Judge Woods:

      We represent Lehman Brothers Holding Inc. ("<u>LBHI</u>") in the above-referenced action. LHM Financial Corporation ("<u>LHM</u>") filed a motion to withdraw the reference (the "<u>Withdrawal Motion</u>") with the Clerk of the Bankruptcy Court on January 12, 2015. On the same day, LHM filed a motion to dismiss the matter in the Bankruptcy Court (the "<u>Motion to Dismiss</u>"). We write in response to counsel for LHM's letter request of today for consolidation with another matter and expedited briefing. While LBHI does not oppose consolidation, LBHI does seek more time to file a response.

      We learned of the Withdrawal Motion's docketing and assignment to Your Honor on January 15, 2015. Counsel for LHM also filed substantially identical dismissal and withdrawal motions in another adversary proceeding, *LBHI v. Hometrust Mortgage Company* (the "<u>Hometrust Case</u>"), and the Hometrust Case withdrawal motion has been assigned to The Honorable Paul A. Engelmayer, U.S.D.J., Case No. 15-cv-00304 (the "<u>Similar Motion</u>"). On January 16, 2015, we inquired if counsel was intending to consolidate the Withdrawal and Similar Motions and indicated we were seeking an extension of approximately two (2) weeks to file a response. Counsel deferred discussion until January 20, 2015, at which time we requested a response deadline of February 3, 2015, for a consolidated response or until February 6, 2015, if movants were proceeding with separate actions. Our request is based upon the volume of pending matters being addressed for LBHI in multiple litigations, not just the LHM and Hometrust Case matters, and is an effort to seek a reasonable accommodation. We note that LBHI granted two (2) multi-week extensions of the time to answer or otherwise move as to the Complaints in the LHM and Hometrust Case adversary proceedings, as accommodations to counsel.

The Hon. Gregory H. Woods, U.S.D.J.
January 22, 2015
Page 2

With respect to our proposed schedule, both the briefing on the Withdrawal Motion and the Motion to Dismiss would be fairly simultaneous. LHM has declined to grant our request, instead arguing that the Withdrawal Motion should be addressed on an expedited schedule. The ostensible basis for expedited treatment—that the defendant wants this Court to rule before the Bankruptcy Court considers the Motion to Dismiss—underscores that the Withdrawal Motion and the Similar Motion are nothing more than efforts to forum shop.

LHM chose to move for dismissal simultaneously with the Withdrawal Motion and should have been prepared to argue the Motion to Dismiss in the Bankruptcy Court, where it was originally filed. If it intended the Withdrawal Motion to be decided first, LHM had the option to seek a stay before the Bankruptcy Court pursuant to Rule 5011(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). *See* Fed. R. Bankr. Proc. 5011(c) ("the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion. A motion for a stay ordinarily shall be presented first to the bankruptcy judge. A motion for a stay or relief from a stay filed in the district court shall state why it has not been presented to or obtained from the bankruptcy judge"). More importantly, Bankruptcy Rule 5011 expressly provides that when a motion to withdraw the reference is filed, the Bankruptcy Court must proceed with the case absent a stay. *See id.* ("The filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. §1334(c) shall not stay the administration of the case or any proceeding therein"). LHM never sought a stay in the first instance in the Bankruptcy Court (as expressly required by Bankruptcy Rule 5011(c)) and is not entitled to seek one from this Court.

Equally important is the fact that Withdrawal and Similar Motions are not well grounded. The assertion that permissive withdrawal of the reference is necessary as bankruptcy courts are somehow incapable of addressing straight-forward state law questions, such as statutes of limitations, borders on the absurd. In this District, permissive motions to withdraw the reference are disfavored, especially at an early stage of litigation. *See, e.g., Kirschner v. Agoglia*, 476 B.R. 75, 83 (S.D.N.Y. 2012) ("while Movants cite to their jury demand as a reason to withdraw the reference now, the Court may withdraw the reference if and when a trial is necessary, rather than at this early stage of deciding a motion to dismiss"). As indicated by this Court's Standing Order of Reference, there is a preference for having the Bankruptcy Court's recommendation and experience on a matter, rather than withdrawing the reference. *See* Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, Acting C.J.). *See also LBHI v. Intel Corp. (In re LBHI)*, 18 F. Supp. 3d 553, 558 (S.D.N.Y. 2014) ("the Court finds that judicial economy weighs against withdrawing the reference [as to a non-core claim] at this time. [The Bankruptcy Court's] experience will inform the Bankruptcy Court's recommendations, which will therefore be of particular value to the District Court in making its ultimate determination on the matter.").

It must also be noted that in addition to the *Intel Corp.* case, LBHI is aware of at least seven (7) motions seeking permissive withdrawal of the reference arising from Lehman adversary proceedings that have been denied by the District Court, most after the Supreme Court's ruling in *Stern v. Marshall*, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011), which LHM

2

The Hon. Gregory H. Woods, U.S.D.J.
January 22, 2015
Page 3

alleges requires withdrawal.[1]  In each case, the District Court denied the motion after consideration of the traditional factors set forth in *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095 (2d Cir. 1993).  Contrary to the arguments of LHM, there is no compelling legal reason to hear the Withdrawal Motion on an expedited schedule.

      For the foregoing reasons, LBHI respectfully requests that its response to the Withdrawal Motion be due on February 3, 2015, or if the matter is not consolidated, on February 6, 2015, and that the movant's reply, if any, be filed in accordance with the schedule movant requests.  Counsel for LBHI would also be available to participate in a scheduling conference if the Court so wishes.

      Respectfully submitted,

      s/ James N. Lawlor

      James N. Lawlor

JNL/gp
cc:    Derek Wright, Esq. (via email)

---

[1] *See Moore Macro Fund, LP v. LBHI (In re LBHI)*, 2014 WL 4635576 (S.D.N.Y. Sept. 5, 2014); *LBHI v. Wellmont Health Sys. (In re LBHI)*, 2014 WL 3583089 (S.D.N.Y. July 18, 2014); *LBSF v. Fed. Home Loan Bank of Cincinnati (In re LBHI)*, No. 1:13-cv-04121 (S.D.N.Y. Mar. 27, 2014); *LBHI v. Credit Agricole Corporate and Inv. Bank (In re LBHI)*, 1:13-cv-03373 (S.D.N.Y. Aug. 8, 2013); *LBHI v. Ford Global Treasury, Inc. (In re LBHI)*, 1:12-cv-08201 (S.D.N.Y. Apr. 8, 2013); *LBHI v. JPMorgan Chase Bank, N.A. (In re LBHI)*, 480 B.R. 179, 196-97 (S.D.N.Y. 2012); *Veyance Techs., Inc. v. LBSF*, 1:09-cv-08851 (S.D.N.Y. Dec. 3, 2009).