```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/12/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
              :
LEHMAN BROTHERS HOLDING, INC.,  :
              :
           Plaintiff,  :
             :      1:15-cv-300-GHW
     -against-  :
             :      OPINION & ORDER
LHM FINANCIAL CORPORATION,  :
             :
           Defendant.  :
             :
-------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

On January 15, 2015, defendant LHM Financial Corporation ("LHM") filed a motion, pursuant to 28 U.S.C. § 157(d), to withdraw the reference of adversary proceeding No. 14-02393 (SCC) currently pending before the United States Bankruptcy Court for the Southern District of New York. Dkt. No. 1. On February 19, 2015, the Court issued an order denying LHM's motion and explaining that an opinion stating the reasons for the denial would follow in due course. Dkt. No. 14. This is that Opinion.

### I.    Background[1]

On February 14, 2005, LHM entered into a loan purchase agreement ("LPA") with Lehman Brothers Bank, FSB ("LBB"). Pursuant to the LPA, LHM sold three residential mortgage loans to LBB. Dkt. No. 8 at 6. The LPA incorporated terms and conditions that formed the duties and obligations of LHM under the LPA. *Id.* at 6-7. LBB assigned its rights under these loans to plaintiff Lehman Brothers Holding Inc. ("LBHI"), and LBHI in turn sold the loans to the Federal National

---

[1] The following facts are drawn from LHM's memorandum of law in support of its motion (Dkt. No. 1), LBHI's memorandum of law in opposition to the motion (Dkt. No. 8), the declaration of James Lawlor in opposition to the motion (Dkt. No. 9), and LHM's reply (Dkt. No. 11).

Mortgage Association ("Fannie Mae") with coextensive representations, warranties, and covenants. *Id.* at 7.

On September 15, 2008, LBHI and its subsidiaries (together "Lehman") filed for bankruptcy. *Id.* at 3. LBHI currently serves as the Chapter 11 Plan administrator for the bankruptcy and is tasked with liquidating all of Lehman's assets, including the prosecution of litigation claims. *Id.* at 3. In the bankruptcy proceedings, Fannie Mae and the Federal Home Loan Mortgage Corporation ("Freddie Mac") filed claims against Lehman seeking indemnification and reimbursement for allegedly defective mortgage loans that they had purchased from Lehman, including the three loans originating from LHM. *Id.* at 5. In January 2014, Fannie Mae and Freddie Mac settled their claims with Lehman, and these settlement agreements were approved by the Bankruptcy Court. *Id.* at 5. The settlements triggered LBHI's right to bring indemnification actions against counter-parties that sold allegedly defective mortgage loans to Lehman. *Id.* at 1. LBHI also proposed, and the Bankruptcy Court approved on June 24, 2014, an alternative dispute resolution mediation procedure for indemnification claims against approximately 3,000 potential counter-parties. *Id.* at 5-6.

As part of that comprehensive collection process, LBHI commenced the underlying adversary proceeding against LHM, seeking to enforce contractual indemnification rights and to recover damages. *Id.* at 2. LBHI specifically alleges that LHM breached its representations, warranties and covenants by delivering loans that (i) failed to disclose certain information about the borrowers and (ii) that were improperly underwritten. Dkt. No. 1 at 2. LHM contends that LBHI's indemnification rights are barred by the statute of limitations. Dkt. No. 8 at 8.

II.     Discussion

On the same day that LHM filed its motion with this Court, Hometrust Mortgage Co., represented by the same co-counsel as LHM, filed a nearly identical withdrawal motion, which was

2

assigned to Judge Engelmayer of the Southern District of New York. *See Lehman Bros. Holdings Inc. v. Hometrust Mort. Co.*, No. 15-cv-304 (PAE) (the "Hometrust Action"). As in this case, the underlying adversary proceeding in that action was commenced by LBHI in order to collect on contractual indemnification claims arising from allegedly defective loans Hometrust sold to Lehman, and Lehman subsequently sold to Fannie Mae.

Under 28 U.S.C. § 157(d), a "district court may withdraw . . . any case or proceeding referred [to the bankruptcy court] on its own motion or on a timely motion of any party, for cause shown." In the Hometrust Action, Judge Engelmayer denied Hometrust's motion on the basis that there was no good cause to withdraw the reference. *Lehman Bros. Holdings v. Hometrust Mortgage Co.*, No. 15-cv-304, 2015 WL 891663, * 3-5 (S.D.N.Y. Feb. 25, 2015). The Court believes that Judge Engelmayer's analysis was correct and that it applies with full force in this case because the substantive legal and factual issues are the same. The Court adopts Judge Engelmayer's reasoning and similarly concludes that the reference should not be withdrawn in this action. The Court denies LHM's motion without prejudice. At a later stage in the litigation, good cause to withdraw the reference may arise, and LHM will be at liberty to renew its motion.

### III.    Conclusion

For the foregoing reasons, LHM's motion to withdraw the reference is denied without prejudice for renewal. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: May 12, 2015
       New York, New York

_____
GREGORY H. WOODS
United States District Judge